```
IN THE UNITED STATES DISTRICT COURT
  FOR THE EASTERN DISTRICT OF VIRGINIA

             Alexandria Division

DAVID BLACKWELL,         )
                         )
    Plaintiff,           )
                         )
         v.              )    1:10cv110 (JCC/JFA)
                         )
GENERAL DYNAMICS         )
LAND SYSTEMS, INC.,      )
                         )
    Defendant.           )
                         )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant General Dynamics Land Systems, Inc.'s ("Defendant" or "General Dynamics") Motion to Dismiss Plaintiff David Blackwell's ("Plaintiff" or "Blackwell") complaint ("Complaint") on the ground that Plaintiff's claims are barred by the applicable 90-day statute of limitations pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will grant Defendant's Motion and will dismiss Plaintiff's Complaint without prejudice.

### I. Background

A.  Allegations in the Complaint

This case arises out of alleged sexual discrimination Plaintiff suffered while he was employed by Defendant. Plaintiff is an adult white male. (Compl. ¶ 3.) Defendant is a Delaware

1

corporation that maintains a business location, among others, in Prince William County, Virginia.  (Compl. ¶ 4.)  During the relevant times, Plaintiff worked for Defendant at this Prince William County location.  (Compl. ¶¶ 3-5.)  In June 2004, Plaintiff started working for Defendant as a Senior Security Representative.  (Compl. ¶ 5.)  Plaintiff's employment was by a written contract.  (Compl. ¶ 6.)  From the date of his hire to about January 2006, Plaintiff was considered a good employee and received favorable reviews.  (Compl. ¶ 7.)

In or about January 2006, Stephanie Zalamea ("Zalamea"), an adult female, became Plaintiff's new supervisor.  (Compl. ¶¶ 8-9.)  Zalamea created a sexually hostile environment for Plaintiff and other male employees under her supervision by making "gender based comments about her dislike of working with and supervising" Plaintiff and other male employees.  (Compl. ¶¶ 10-11.)  She also regularly made "disparaging comments about the job performance" of Plaintiff and other male employees, "increased the workload of Plaintiff and other male employees," and berated them publicly.  (Compl. ¶¶ 12-14.)  Furthermore, Zalamea "subjected Plaintiff and other males to unwarranted criticisms," and even accused them falsely.  (Compl. ¶¶ 15-16.)  Zalamea, however, did not subject similarly situated females to the aforementioned acts.  (Compl. ¶¶ 12-16.)  Even though the management was aware that Zalamea created the hostile work

2

environment, it condoned her acts. (Compl. ¶¶ 17-18.) For example, the management approved wrongful disciplinary actions against Plaintiff even though it knew that Plaintiff had not violated the policies and that such actions would cause Plaintiff emotional harm. (Compl. ¶¶ 19-21.) The management also approved the wrongful disciplinary actions to retaliate against Plaintiff for having filed complaints regarding Zalamea's sexual harassment of Plaintiff and Zalamea's failure to follow certain security procedures at General Dynamics. (Compl. ¶¶ 22-23.) In January 2007, due to Zalamea's hostile actions as described above, Plaintiff, who felt like he had no choice, resigned and left General Dynamics. (Compl. ¶¶ 24-25.) After his resignation, Plaintiff was forced to accept a job that paid less than his former job at General Dynamics, which he would have kept, had management and Zalamea did not engage in unlawful acts against him. (Compl. ¶ 26.)

### B. Procedural Background

As an initial matter, the Court notes that "[i]n considering motions to dismiss under Rule 12(b)(6), [a] court may properly consider exhibits attached to the complaint[,]" without converting the Rule 12(b)(6) motion into one for summary judgment. *Smith v. McCarthy*, 2009 U.S. App. LEXIS 23861, at *9 (4th Cir. 2009) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)).

3

Additionally, the Court may consider a document attached to a defendant's motion to dismiss if it "was *integral to and explicitly relied on in the complaint* and if the plaintiffs do not challenge its authenticity." *CACI Intern., Inc. v. St. Paul Fire and Marine Ins. Co.,* 566 F.3d 150, 154 (4th Cir. 2009) (internal citations and quotations omitted) (emphasis added).

In the instant case, Defendant as well as Plaintiff submitted to the Court a number of documents as exhibits to their respective memorandum in support of or in opposition to Defendant's Motion to Dismiss. Additionally, Plaintiff's counsel submitted to the Court additional exhibits during the June 18, 2010 hearing supporting Plaintiff's position. With respect to the two exhibits attached to the Defendant's Memorandum in Support of its Motion to Dismiss, the Court will take judicial notice of them without converting this motion for one for summary judgment because both the right-to-sue letter and the Plaintiff's declaration were explicitly referred to in the Complaint. (Compl. ¶ 29.); *see Smith*, 2009 U.S. App. LEXIS 23861, at *9.

However, the Court will not consider the exhibits attached to the Plaintiff's memorandum in opposition to Defendant's Motion and the additional documents Plaintiff's counsel provided the Court during the June 18, 2010 hearing in deciding Defendant's Motion to Dismiss. The Court's reason for not taking judicial notice of these documents are as follows.

First, Defendant's counsel challenged the authenticity of Plaintiff's Exhibits 1, 1-A, and 1-B - the letters purportedly sent to the EEOC from Plaintiff's counsel - during the June 18, 2010 hearing and stated that the EEOC does not appear to have the record of receiving these letters. (June 18, 2010 Hr'g.) Second, the Complaint does not contain any allegation relying on any of the exhibits attached to the Plaintiff's opposition nor does it make explicit references to these exhibits. *See CACI Intern., Inc.* at 566 F.3d at 154. Third, the Court is convinced that it should either (1) allow Plaintiff to amend his Complaint which would provide him an opportunity to attach all relevant documents regarding his equitable tolling argument or (2) require the parties to submit all relevant documents outside the pleadings at the properly raised summary judgment motion stage for proper resolution of the case. Based on the foregoing reasons, the Court will not consider the substance of the exhibits submitted by Plaintiff for the purpose of analyzing Defendant's Motion to Dismiss.

Before filing his Complaint with this Court, Plaintiff first filed his original complaint with the U.S. Equal Employment Opportunity Commission (the "EEOC"). (Pl.'s Opp. To Def.'s Mot. to Dismiss ("Pl.'s Opp.") at 1.) The EEOC issued its Dismissal and Notice of Rights (the "Notice") on September 30, 2009 and mailed it to Plaintiff's home in Stafford, Virginia by regular

mail. (Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss Pl's Comp. ("Def.'s Mem.") at 1; Ex. A.) The Notice, in pertinent part, specifically provided that Plaintiff must file a lawsuit against Defendant in federal or state court "within 90 days" of his receipt of the letter. (Def.'s Mem. 1-2; Ex. A.) Some time after September 30, 2009, Plaintiff's wife, instead of Plaintiff, received the Notice in mail but did not open it.[1] At the time his wife presumably received the Notice, Plaintiff was not residing at his home in Stafford, Virginia but was working for Computer Science Corporation in Al Asad, Iraq. (Def.'s Mem. at 2; Ex. B.) Before moving to Iraq, Plaintiff did not notify the EEOC of his new address in Al Asad, Iraq. (Def.'s Mem. at 5.) As a result, it was not until November 6, 2009, when Plaintiff personally received the unopened Notice along with other mail forwarded to him by his wife from the United States to Al Asad, Iraq. (Def.'s Mem. at 2; Ex. B.)

On February 3, 2010, Plaintiff filed the Complaint alleging (1) Sexually Hostile Work Environment (Count I); (2) Constructive Discharge (Count II); and (3) Retaliation (Count III), all under Title VII of the Civil Rights Act of 1964. [Dkt. 1.] On May 10, 2010, Defendant filed a Motion to Dismiss

---

[1] The Court presumes that Plaintiff's wife received the Notice by October 3, 2009, which is within three days of mailing of the notice. *See Nguyen v. Inova Alexandria Hosp.*, 1999 WL 556446, *3 (4th Cir. 1999) ("[I]t is presumed that service by regular mail is received within three days pursuant to Rule [6(d)] of the Federal Rules").

6

Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff's claims are barred by the applicable statute of limitations. [Dkt. 5-1.] Plaintiff filed his opposition on June 3, 2010, to which Defendant filed its reply on June 8, 2010. [Dkts. 10, 11.] On June 18, 2010, the parties appeared before the undersigned for a hearing regarding this Motion. Defendant's Motion to Dismiss is currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted). In deciding a Rule 12(b)(6) motion to dismiss, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Thus, a court must take "the material allegations of the complaint" as admitted and liberally construe the complaint in favor of a plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citation omitted).

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*

7

*Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citation omitted). Indeed, the legal framework of a complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* at 1965. In *Ashcroft v. Iqbal*, 129 S.Ct 1937 (2009), the Supreme Court expanded upon *Twombly* by articulating the two-pronged analytical approach to be followed in any Rule 12(b)(6) test. First, a court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth. *Id.* at 1951. "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice. *Id.* (citations omitted). Second, assuming the veracity of "well-pleaded factual allegations," a court must conduct a "context-specific" analysis drawing on "its judicial experience and common sense" and determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* at 1950-51. The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

### III. Analysis

Defendant argues that Plaintiff's Complaint, which was

filed on February 3, 2010, was untimely because delivery of the Notice on or around September 30, 2009 to Plaintiff's wife triggered the 90-day statute of limitations period.  Defendant also submits that Plaintiff's case does not present a scenario under which Plaintiff should receive the benefit of equitable tolling.  The Court will address each argument in turn.

    A.  Timeliness

The first question before the Court is whether Plaintiff's Complaint was filed within the prescribed 90-day limitations period.  It is well established that an aggrieved employee's right to sue will be lost if he or she fails to file his or her Title VII suit within ninety (90) days following receipt of a right-to-sue letter from the EEOC pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1).  *Harvey v. New Bern Police Dep't*, 813 F.2d 652, 653-54 (4th Cir. 1987); *see also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 150-52 (1984).  This 90-day limitations period "begins to run when either plaintiff or her counsel receives the notice."  *Armentrout v. Aaron Rents, Inc.*, 2003 U.S. Dist. LEXIS 2885,*5 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92-93 (1990)).

In the instant case, the EEOC mailed the Notice to Plaintiff's house in Virginia on September 30, 2009.  Plaintiff was working and living in Al Asad, Iraq at the time.  Plaintiff's wife, who received the Notice on his behalf, forwarded him the

unopened Notice some time after her receipt. Plaintiff submits that he did not actually receive the Notice until November 6, 2009. The Court finds that Plaintiff's wife's receipt of the Notice triggered the 90-day limitations period in light of the Fourth Circuit's clear jurisprudence on this issue. In the Fourth Circuit, the actual receipt of the right-to-sue letter is not required to trigger the 90-day limitations period because requiring such would allow some plaintiffs to have "open-ended time extension, subject to manipulation at will." *See Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993) (internal citation omitted) (holding that the limitations period was triggered when claimant received her notice that she could pick up a letter at the post office, not when she actually picked up the letter); *see also Harvey*, 813 F.2d at 654 (holding that the limitations period was triggered when claimant's wife received and signed for the right-to-sue letter on behalf of the claimant, not when the claimant actually received the letter from his wife). The Court is able to remedy any injustices that could result from the application of this constructive receipt rule with benefit of equitable tolling after conducting a fact specific case-by-case inquiry. *See Zipes v. TransWorld Airlines, Inc.*, 455 U.S. 385, 393 (1982); *see also Harvey*, 813 F.2d at 654.

When the date on which a potential plaintiff received

actual notice of right-to-sue is disputed or unknown as in this case, Federal Rule of Civil Procedure 6(d) creates the presumption that notice was received three days after it was mailed.[2] *See Beale v. Burlington Coat Factory*, 36 F. Supp. 2d 702, 704 (E.D. Va. 1999) (recognizing the presumption created by Fed. R. Civ. P. 6[(d)] that the right to sue letter was received three days after it was mailed in the context of a Title VII case); *Griffin v. Prince William Hosp. Corp.*, 716 F. Supp. 919, 922 n.7 (E.D. Va. 1989) (same). Applying this 3-day rule, the Court holds that the 90-day limitations period was triggered three days after the mailing of the Notice - on October 3, 2009 - when Plaintiff's wife presumably received the Notice at Plaintiff's Virginia home. Thus, Plaintiff's last day to bring a lawsuit under Title VII was January 1, 2010 unless Plaintiff was entitled to equitable tolling based on the circumstances of this case.

B. Equitable Tolling

Having ascertained that Plaintiff's wife's receipt of the Notice constituted constrictive notice to Plaintiff, the Court's next inquiry would be whether there exists reasonable grounds for an equitable tolling of the 90-day limitations period. However, in light of the Court's decision not to consider the exhibits submitted by Plaintiff with its Motion in

---

[2] Rule 6(d) provides that "[w]hen a party may or must act within a specified time after service and service is made [by mail], 3 days are aded after the period would otherwise under Rule 6(a)." Fed. R. Civ. P. 6(d).

Opposition to Defendant's Motion to Dismiss, the Court will not address the merits of the parties' argument regarding equitable tolling at this time. The Court will consider and analyze the issue of equitable tolling either at the next motion to dismiss stage after Plaintiff's amendment of the Complaint or at the summary judgment stage whichever properly comes first.

### IV. Conclusion

For these reasons, the Court will grant Defendant's Motion to Dismiss Plaintiff's Complaint and will dismiss Plaintiff's Complaint without prejudice.

An appropriate Order will issue.

June 28, 2010                                           /s/
Alexandria, Virginia                          James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE